# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PETRONILO ESPINOZA CHEPETLA**, | Case No. 3:16-cv-2209-AC |
| Petitioner, | **ORDER** |
| v. | |
| **MARK NOOTH**, Superintendent, Snake River Correctional Institute | |
| Respondent. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Acosta issued Findings and Recommendation in this case on March 10, 2020. ECF 27. Judge Acosta recommended that the Court deny Petitioner Petronilo Espinoza Chepetla's Petition for Writ of Habeas Corpus, dismiss the case, and issue no certificate of appealability.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

In addition, for those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner timely objected to Judge Acosta's Findings and Recommendation. ECF 32. Respondent timely responded on May 15, 2020. ECF 33. The Court has reviewed these documents and Judge Acosta's Findings and Recommendation *de novo*. Petitioner alleges that his trial counsel inadequately argued the motion to suppress Petitioner's confession. Specifically, Petitioner faults his trial counsel for not calling an independent Spanish-speaking expert to contest the government interpreter's translation of an exchange between Petitioner and a detective about whether Petitioner understood his *Miranda* rights. Petitioner argues that had his trial counsel obtained an expert and more thoroughly cross-examined the government interpreter at the motion to suppress hearing, the trial judge would have suppressed Petitioner's inculpatory statements and he would not have been convicted at trial. Petitioner does not question his trial counsel's performance at trial, although his counsel presented no evidence at trial.

The Court agrees with Judge Acosta that it was not unreasonable for the state post-conviction judge to find that Petitioner's trial counsel "performed his duties in a constitutionally adequate manner" at the motion to suppress hearing. ECF 27 at 12. Based on the evidence before the state post-conviction court, that court's determination that Petitioner's trial counsel performed adequately was neither "contrary to" nor "an unreasonable application of" clearly established federal law. 28 U.S.C. § 2254(d). Regardless of whether a better performance at the motion to suppress hearing might have made a difference in the trial's outcome, Petitioner has not shown that his counsel's performance was constitutionally deficient. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1987) (describing the "clearly established" test for inadequate assistance of counsel). Thus, Petitioner cannot sustain a claim for ineffective assistance of trial counsel, and habeas relief is inappropriate here.

The Court **ADOPTS** Judge Acosta's Findings and Recommendations (ECF 27). Petitioner's Petition for Writ of Habeas Corpus (ECF 1) is **DENIED,** and the case is **DISMISSED**. The Court declines to issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED this 26th day of May, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge